## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SUPER 8 WORLDWISE, INC., f/k/a Super 8 Motels, Inc., a South Dakota Corporation,**<br><br>                         **Plaintiff,**<br><br>**v.**<br><br>**SWAMI HOSPITALITY CORP., a Georgia Corporation; KIRAN A. PATEL, USHA K. PATEL, and JYOTSNA J. PATEL,**<br><br>                         **Defendants.** | Civ. No. 15-5614 (KM) (MAH)<br><br>**MEMORANDUM OPINION and ORDER** |

**MCNULTY, U.S.D.J.:**

Now before the Court are cross-motions: the plaintiff's motion for entry of a default judgment (ECF no. 12), and the defendants' motion to vacate the Clerk's entry of default (ECF no. 17). For the reasons stated herein, I will grant the defendants' motion; that relief renders the plaintiff's motion moot, and it is denied without prejudice to renewal if appropriate.

**Background**

This case has had a stop-and-go history. The Complaint was filed on July 17, 2015. (ECF no. 1) Service was accomplished before August 7, 2015. (ECF no. 5) The defendants did not answer or otherwise move in response to the Complaint.

After due warning (ECF no. 6), the action was dismissed for lack of prosecution by the plaintiff on February 3, 2016. (ECF no. 7) On February 19, 2016, the plaintiff moved to reopen the case. In that motion plaintiff's counsel stated that settlement negotiations were ongoing, frankly acknowledged that he had inadvertently failed to request a continuance from the court, and stressed that the defendants had not been prejudiced. (ECF no. 8-3) I granted that motion and reopened the case on March 21, 2016. (ECF no. 9)

On April 11, 2016, the Clerk granted the plaintiff's request for entry of default. (ECF no. 10 and entry following) Again time passed without any communication from the litigants, and on July 28, 2016, I entered an order directing the plaintiff to move the case or risk a second dismissal for want of prosecution. (ECF no. 11) Plaintiff responded by filing a motion for entry of default judgment (ECF no. 12), one of the two motions now before the Court. Following the filing of that motion, counsel entered appearances for the defendants and obtained an extension of the return date pursuant to Local Rule 7.11(d)(5) . (ECF nos. 13, 14, 15)

On September 17, 2016, the defendants, by their newly-appeared counsel, moved to set aside the Clerk's entry of default. (ECF no. 17) That motion is also also serves as defendants' opposition to the plaintiff's motion for entry of a default judgment. The plaintiff has filed a letter brief in response, which I also consider as a reply brief on its own motion. (ECF no. 18)

**Analysis**

The essential question is whether the Court will vacate the Clerk's entry of default and permit the matter to proceed. Under Fed. R. Civ. P. 55(c), a district court "may set aside an entry of default for good cause." The decision whether to vacate a default judgment is left "to the sound discretion of the trial court." *Tozer*, 189 F.2d at 245. In exercising this discretion, a court must consider (1) "whether the plaintiff will be prejudiced," (2) "whether the defendant has a meritorious defense," and (3) "whether the default was the result of the defendant's culpable conduct." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 256-57 (3d Cir. 2008) (quoting *$55,518.05 in U.S. Currency*, 728 F.2d at 195). In essence, the factors to be considered in determining whether to vacate the entry of default are the same as those to be considered with respect to entry of a default judgment; the parties' positions are simply flipped. *See Chamberlain v. Giampapa,* 210 F.3d 154, 164 (3d Cir. 2000) (listing factors).

When a party moves to set aside a default, any doubts as to whether the default should be vacated "should be resolved in favor of setting aside the

default and reaching a decision on the merits." *Gross v. Stereo Component Sys. Inc.*, 700 F.2d 120, 122 (3d Cir. 1983). "Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment." *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982).

### 1. Factor 1 – Prejudice to the Plaintiff

Prejudice is found where "a plaintiff's ability to pursue the claim has been hindered by, for example, loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523-24 (3d Cir. 2006) (citing *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982)). Mere delay in the adjudication of a claim does not by itself establish prejudice. *See Feliciano*, 691 F.2d at 656-57 ("Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening a default judgment entered at an early stage of the proceeding.").

Here, there is no discernible prejudice to the Plaintiffs that would result from setting aside the default. Nothing of significance has occurred in the interim. There is no indication made that evidence has been lost or witnesses have become unavailable.

This action arises from alleged breach of a franchise agreement to run a motel. The agreement was entered into in 1998, and the alleged breaches occurred in 2013–15. At issue is payment of damages. It does not even appear that the franchise agreement has been terminated. Plaintiff's own conduct of this litigation, which has entailed one actual and one threatened dismissal for want of prosecution, further confirms that there may be no particular urgency here. (I imply no fault; the parties were apparently attempting to negotiate a settlement.)

Accordingly, I find that this factor weighs in favor of vacating the entry of default.

### 2. Factor 2 – Meritorious Defense

The defendants proffer that they would defend the case as follows. The amount of damages, they say, is disputed. Plaintiff, they say, contributed to their alleged breach by imposing excessive fees and unreasonable quality assurance demands, and also cut off a revenue source by suspending them from the central reservation system. These allegations, according to defendant, would support defenses of impossibility and breach of the covenant of good faith and fair dealing.

The proffered defense need only be "meritorious." *See $55,518.05 in U.S. Currency*, 728 F.2d at 195. Rather than offer a simple denial, defendants have articulated meritorious defenses. Accordingly, I find that this factor weighs in favor of setting aside the entry of default.

### 3. Factor 3 – Culpability

Finally, I consider whether the default was the result of defendants' culpable conduct. *$55,518.05 in U.S. Currency*, 728 F.2d at 195. Culpable conduct means "more than mere negligence," and connotes willfulness, bad faith, and intentional avoidance of compliance with court procedures, or "reckless disregard for repeated communications from plaintiffs and the court." *Hritz*, 732 F.2d at 1182-83. The failure to respond to a claim, especially where it is the result of miscommunication or ignorance, rather than bad faith or defense gamesmanship, will generally not be considered culpable conduct. *Waller*, 2016 WL 184422 at *4 (citing *Wingate Inns Intern., Inc. v. P.G.S., LLC*, 2011 WL 256327, at *4 (D.N.J. Jan. 26, 2011)).

Reviewing the procedural history above, I find that the delay is understandable, and to some extent mutual. Both sides seem to acknowledge that they attempted to work out their differences through negotiations. (Indeed, this was the basis for the *plaintiff*'s initial application to reopen the case.) This was not a case in which the defendants simply ignored the plaintiffs or absconded. The culpability factor, then, also weighs in favor of vacating the entry of default.

4

**ORDER**

Accordingly, IT IS this 22nd day of December, 2016

ORDERED that the defendants' motion to vacate default (ECF no. 17) is GRANTED, and the plaintiff's motion for entry of a default judgment (ECF no. 12) is therefore DENIED as moot, without prejudice.

The defendants are directed to answer or otherwise respond to the Complaint within the time permitted under Fed. R. Civ. P. 12(a), running from the date of this Order.

HON. KEVIN MCNULTY, U.S.D.J.